Art GILMORE, Vice-President of the American Federation of Television and Radio Artists, Etc., et al., Plaintiffs,

v.

MARIETTA BROADCASTING, INC., a Delaware corporation, Defendant.

No. 2489.

United States District Court
S. D. California, S. D.
April 27, 1961.

David Ziskind, Los Angeles, Cal., for plaintiffs.

Hillyer, Crake & Irwin, San Diego, Cal., for defendant.

WEINBERGER, District Judge.

This action is brought by the above named plaintiff as vice-president of the named Union, hereafter called "the union" or "AFTRA", for the benefit of himself and the other members of said union. The complaint, filed on December 1, 1960, seeks to compel arbitration under a collective bargaining agreement entered into between the AFTRA and the defendant broadcasting company. The date of the agreement is alleged to be March 14, 1958.

On January 13, 1961, plaintiffs filed an amendment to the complaint in response to a motion for a more definite statement, which amendment stated that said agreement of March 14, 1958 was, by its terms, to terminate on September 14, 1961.

On March 17, 1961, after pre-trial, plaintiffs filed another amendment to the complaint, and alleged that on February 1, 1961 defendant entered into a collective bargaining agreement with AFTRA, and attached a copy of the agreement. Such agreement covers a period beginning February 1, 1961 and ending January 31, 1964.[1]

---

1. Portions of the contracts pertinent to this action are as follows:

"4. It is mutually agreed that hereafter and during the term of this agreement all Staff Announcers and Free Lance Announcers will be employed by the Company directly and shall be members in good standing prior to entering such employment, or shall become members within thirty (30) days of said em-

The complaint as amended alleges that Joseph Marciano, Lute Mason and Jeff Edwards have been employed by the defendant and performed services as Staff Announcers for the defendant, that under the said collective bargaining contracts, it is provided that Staff Announcers employed by defendant shall be members in good standing of the union, and that said employees are not now, and have not during their employment, been members of the union in good standing; that there is a controversy between plaintiffs and defendant as follows, to wit: "whether or not Joseph Marciano, Lute Mason and Jeff Edwards are Staff Announcers within the terms of said Collective Bargaining Agreement, and, if so, are required by Paragraph 4 of the said Collective Bargaining Agreement to become members in good standing of AFTRA."

The complaint further alleges that prior to and during October of 1960 the union attempted to obtain a speedy adjustment of the controversy as to which arbitration is sought, but were unsuccessful, and that on October 14, 1960, a written demand for arbitration was served upon the defendant by the union. A copy of the demand for arbitration is attached to the complaint, and refers to the agreement of March 14, 1958 and a memorandum agreement of September 30, 1958.

The answer of the defendant to the complaint and the amendments to the complaint admit the execution of the agreements and states that Joseph Marciano and Jeff Edwards are employed by the defendant, Joseph Marciano in television and Jeff Edwards in radio, that neither Marciano nor Edwards are Staff Announcers, that Marciano is a weather broadcaster, and Edwards is a supervisor; that Lute Mason terminated his service with the defendant prior to the service upon the defendant of the complaint; and that the cause of action as to Lute Mason is moot.

The answer of defendant further alleges as a special defense that prior to the agreement of March 14, 1958 the parties thereto entered into other collective bargaining agreements similar to those sued upon, and that Joseph Marciano has been employed in the same capacity and performing his identical duties as a weather broadcaster for more than seven years, and that AFTRA had notice of all of the facts and acts of defendant set forth in the complaint, yet refrained from demanding arbitration until October of 1960 and from commencing the action until December 1 of 1960, or attempting to enter into any discussion of Marciano's status; that Jeff Edwards has been an employee of defendant for 2 years performing identical duties to

ployment and shall remain in good standing thereafter during the term of this agreement. AFTRA agrees that it will accept as members of AFTRA any persons the Company wishes to employ as Staff or Free Lance Announcers, except persons not eligible because of suspension or expulsion from AFTRA or its affiliated organizations in the Associated Actors and Artists of America. It is the intention of this provision to prevent AFTRA from closing its books so as to prevent any persons whom the Company wishes to employ as Staff or Free Lance Announcers from joining AFTRA, but nothing herein shall limit the right of AFTRA to suspend, expel, discipline or refuse to re-admit a member for justifiable cause.

AFTRA agrees that it will not impose unreasonable entrance fees, dues or assessments."

\* \* \* \* \* \*

"10. In the event there shall be any controversy or dispute arise with respect to this contract or the interpretation or breach thereof between AFTRA (as distinguished from Staff or Free Lance Announcers) and Company or in the event there shall be any controversy between any Staff or Free Lance Announcer who is a member of AFTRA, and the Company, said parties agree promptly and in good faith to attempt to settle such dispute amicably. In the event that they are unable to do so, any such controversy or dispute shall be settled by arbitration in accordance with the industrial arbitrations rules then obtaining of the American Arbitration Association, each party bearing half the expense, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction." \* \* \*

those he is now performing, and that the agreements above mentioned were in effect, but that AFTRA refrained from demanding arbitration, etc., and that plaintiffs have thus been guilty of laches which should, in equity, bar them from maintaining this action.

The answer further alleges that plaintiffs have, by reason of the matters set forth under the defense of laches, waived any breach of the said agreement.

The answer further alleges that because Jeff Edwards is employed as a supervisor within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. and that if there is any controversy over whether Jeff Edwards is a Supervisor, the same cannot, under the said Act, be determined by arbitrators.

Plaintiff's demand for arbitration as set forth in the exhibit to the complaint, is worded as follows:

> "Under the Collective Bargaining Agreement between your company and AFTRA, dated March 14, 1958 and our Memorandum Agreement of September 30, 1958, is Mr. Marciano required to become a member in good standing of AFTRA and, if so, is the employer now required to discharge Mr. Marciano or may Mr. Marciano now become a member in good standing upon the payment of a specified sum of money and, if so, what sum of money."

A similar demand for arbitration is made with reference to Lute Mason and Jeff Edwards.

The plaintiffs, on April 10, 1961 filed a motion for summary judgment, and proposed findings of fact and conclusions of law, and judgment. It is the view of plaintiffs that there are controversies which should be arbitrated under the contract between the union and the defendant, and it is proposed by their judgment that the Court order arbitration as follows:

1. (a) Whether Joseph Marciano is a staff announcer, (b) whether Joseph Marciano is required to become a member in good standing of AFTRA, (c) if so, whether defendant is required to discharge said Joseph Marciano, (d) whether Joseph Marciano may now become a member in good standing upon the payment of a specified sum of money and, if so, what sum of money, and (e) whether the rights of AFTRA in relation to said Joseph Marciano have been waived by laches.

2. (a) Whether Jeff Edwards is a staff announcer, (b) whether Jeff Edwards is required to become a member in good standing of AFTRA, (c) if so, whether defendant is required to discharge Jeff Edwards, and (d) whether said Jeff Edwards may now become a member in good standing upon the payment of a specified sum of money and, if so, what sum of money.

3. (a) Whether defendant violated said agreement by refusing to require Lute Mason to become a member of AFTRA in good standing or by refusing to discharge said Lute Mason, (b) whether AFTRA was damaged by said refusals of defendant in the loss of initiation fees and dues, and (c) what, if any, sums of money defendant should pay to AFTRA for said breach of contract.

■ On the question of laches, it is true as mentioned by defendant, that the contracts provide that in the event of a controversy, the parties agreed "promptly and in good faith" to attempt to settle such dispute. We do not find any portion of the contract which indicates a specific time limit, nor do we find any mention of a forfeiture of any rights in the event the parties fail to act "promptly". While we do not here intend to pass upon the question of whether the contracts were violated, we are of the opinion that if they were, the defendant could not gain a prescriptive right to continue such violation. Too, we feel that there was neglect on the part of both the employer and the union that the questions were not ironed out prior to the execution of the contracts which were most recently renegotiated. It is our view that under the circumstances presented

in this case, laches is not a valid defense either before this Court or before the arbitrators.

■ Counsel for the plaintiffs contend that the Union should be entitled to some sort of damages, or back dues in the event it is found that the men mentioned in the complaint are staff announcers. We do not find any provision in the contracts which so indicates, nor has such relief been requested by the prayer in the complaint. Plaintiffs have cited Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 460, at page 469, 77 S.Ct. 923, at page 927, 1 L.Ed.2d 972, where discharged workers were awarded reinstatement with back pay. By the contracts involved in the case before us, the arbitrators are given express permission to make their award effective as of the date when payments were first due, but this permission refers specifically to *failure or insufficiency of payment* by the company to any staff or free lance announcer in violation of the contract.

■ The plaintiffs likewise cite the case just above mentioned (Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 460, 77 S.Ct. 923, 1 L.Ed.2d 972) in support of their contention that this Court should order arbitration with reference to the question of whether Lute Mason, no longer an employee of the defendant, should have been a member of the Union. It is our view that the controversy with reference to Lute Mason is not one which now is arbitrable under the provisions of the contracts.

■ Nor do we believe the defense proposed by defendant that Jeff Edwards is a supervisor is pertinent here—the question is whether he is a Staff Announcer.

■ The arguments of counsel for plaintiffs would indicate their belief that *any* controversy between the company and the union must be referred to arbitration upon request. We do not agree with counsel on this point. Were it true, arbitrators might be called upon to arbitrate any fanciful matter which a party might choose to say involved a construction of a collective bargaining contract.

■ We believe that, while the court is extremely limited in its functions in cases of this type, it does have power to ascertain whether the claim for which arbitration is sought is a claim which on its face appears to be within the framework of the contract. See International Tel. & Tel. Corp. v. Local 400, etc., 3 Cir., 1961, 286 F.2d 329.

We rule therefore, that the motion for summary judgment should be granted as follows:

■ The defendant should be ordered to proceed to arbitration in the manner provided for in said written Agreement, on the following controversies:

Whether Joseph Marciano and Jeff Edwards are staff announcers within the terms of the collective bargaining agreements now in effect, and if so, whether such employees are required to become members in good standing of the plaintiff union.